## INCOMPETENT STATEMENT BY CORONER AS TO WHAT CERTAIN INSANE PATIENTS HAD TOLD HIM.

Court of Appeals for Stark County.

GEORGE E. DAWSON v. STATE OF OHIO.

Decided, February Term, 1916.

*Evidence—Constitutional Right Denied—In Admission of Statements Made by Insane Patients to Coroner—Circumstances Under which a Defendant is Not Required to Speak—Criminal Law*

In the trial of an attendant in a hospital for the insane for the unlawful killing of one of the patients, it is a deprivation of a constitutional right guaranteed to the defendant to admit in evidence a statement by the coroner of what was told him three days later by certain insane patients as to the circumstances of the killing which they had witnessed, the testimony of members of the medical staff of the hospital being to the effect that said patients did not have the mental capacity to properly observe the incidents which took place or the memory to relate accurately what took place.

*Chas. C. Upham,* for plaintiff in error.

*A. T. Snyder,* Prosecuting Attorney, and *Henry Harter, Jr.,* Assistant Prosecuting Attorney, contra.

SHIELDS, J.

The plaintiff in error was indicted at the September, 1914, term of the Court of Common Pleas of Stark County for the unlawful killing of one Alfred Tisch, on the 13th day of September, 1914. Upon a plea of not guilty, he was tried and convicted of said crime. A motion for a new trial was made wherein various reasons were set forth why said motion should be granted, which said motion was by the court overruled, and the plaintiff in error was thereupon sentenced according to law. A bill of exceptions was afterward taken embodying all the evidence and proceedings of said trial, including the charge of the trial court to the jury, and by a petition in error filed the judgment of said court is now brought before this court for review.

The principal errors complained of by the plaintiff in error are that the court below erred in the admission of certain evidence upon the trial, that the verdict of the jury is not sustained by sufficient evidence to warrant the conviction of the plaintiff in error of the crime charged, and that said verdict was contrary to law.

It appears that the plaintiff in error was on the day in question and for a year or more prior thereto had been employed at the Massillon State Hospital as an attendant and as such he had charge of and was required to exercise supervision over and control of the decedent and forty-eight other insane patients in a certain ward in said hospital, in which said ward the decedent had been confined as an insane patient for over a year. At an early hour on said morning, Sunday, September 13th, said attendant went on duty and entered said ward and requested the decedent to make up certain beds in said ward as he had been in the habit of doing, when the decedent declined to do so and assaulted the plaintiff in error by striking him in the face, breaking his spectacles, as claimed by him, whereupon the two wrestled with each other and so continued until they reached an adjoining wash-room, when and where the decedent fell over and soon thereafter died. It further appears that on the following Wednesday, September 16th, the prosecuting attorney and Dr. Frank W. Gavin, the coroner of said county (and after a coroner's inquest had been held, as claimed by him), went to said hospital and caused to be brought before them, in a certain room therein, separately and in charge of a guard, certain insane patients confined in said hospital, in said ward, to-wit: William Ring, Edward E. Potter, James McCauley, Daniel M. Call and Austin Marsteller, and in the presence of the plaintiff in error, said insane patients were interrogated by the prosecuting attorney and said Gavin as to what had occurred between the plaintiff in error and the decedent on the said Sunday morning. Said insane patients at said time undertook to and related what they claimed occurred between said parties on said morning, and that the plaintiff in error who was present made no reply thereto, nor was any inquiry made of him. The said Dr. Gavin

in the evening of said day claimed to have made notes of the statements so made by said insane patients concerning said occurrence. Afterward, and on the 18th day of September, 1914, the plaintiff in error was arrested before a justice of the peace, charged with the unlawful killing of the decedent. After being indicted and when placed on final trial for said crime, the State sought to introduce in evidence by the witness Gavin the statements so made by the said insane patients to him and to the prosecuting attorney, to which the plaintiff in error by his counsel objected, and who at said time offered to show by the testimony of medical witnesses connected with said hospital, and who were familiar with the mental condition of said insane patients, that they were not mentally capable of observing the incidents of said occurrence on said Sunday, nor did they have sufficient memory to enable them to retain and afterwards state what they may have observed at that time, which said offer was objected to by the State and said objection sustained, and said objection made to the evidence proposed to be offered by the witness, Dr. Gavin, was also overruled, to which the plaintiff in error excepted.

Thereupon, over the objection of the plaintiff in error, the witness, Dr. Gavin, was permitted to give to the jury what he claimed to be the statements of the said insane patients, made under the circumstances and in the manner heretofore described to the prosecuting attorney and himself, on Wednesday, September 16th. This action on the part of the trial court is assigned as prejudicial error.

Upon the trial it was admitted by the State that the said Ring, Potter, Call, McCauley and Marsteller were insane patients in said hospital and that they had been committed to and confined therein as such patients for a considerable period of time.

Under the laws and Constitution of this state, could said admitted insane patients, confined as they were at the time of said trial in said hospital, be permitted to speak and testify to material matters through the witness, Dr. Gavin, an intelligent and experienced witness in criminal trials, as his official relation would imply, against a citizen on trial charged by. indictment with a felony?

Article I, Section 10 of the Constitution, provides, among other things:

"In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witness face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed; but provision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance can not be had at the trial, always securing to the accused means and the opportunity to be present in person and with counsel at the taking of such deposition, and to examine the witness face to face as fully and in the same manner as if in court."

In the case of *Summons* v. *State*, 5 O. S., 325, it is held that:

"The clause of the tenth section of the Bill of Rights providing that 'on any trial, in any court, the party accused shall be allowed to meet the witness face to face,' which, like numerous other provisions in the Bill of Rights, is a constitutional guaranty of a fundamental principle well established and long recognized at common law, has reference to the personal presence of the witnesses called to testify, and not the quality or competency of the evidence to be given."

And the judge delivering the opinion in said case says:

"The scope and operation of it are clearly defined and well understood, in the common law recognition of it, and the assertion of it in the fundamental law of the state, was designed neither to enlarge nor curtail it in its operation, but to give it permanency and secure it against the power of change or innovation."

This constitutional guaranty is now and always has been the sacred right of any one charged with a crime, and in no case can it be invaded or taken away. In such case the accused is entitled to "meet the witness face to face" and to have an opportunity to cross-examine such witness, or witnesses, and in addition, the

accused likewise has the right to test the qualifications of a witness before testifying when his competency as a witness is questioned in good faith. In the case before us it appears that the plaintiff in error was deprived of these legal rights, and each of them.

On the trial the learned judge seems to have admitted the testimony of the witness, Dr. Gavin, in permitting him to narrate the said statements of the said insane patients, on the ground that the jury were to judge of the effect of the silence of the plaintiff in error at the time said statements were made. There may be cases where parties accused of crime are called upon to speak, but the case presented by this record leads us to the conclusion that *under the circumstances* the plaintiff in error was not required to speak, and this conclusion is strengthened by the evidence of the witnesses of the medical staff connected with the hospital, who knew of the mental condition of the said insane patients and who testified that they did not have "the mental capacity to properly observe the incidents of the occurrence between Dawson and Tisch and afterwards have mental capacity enough to relate properly and accurately what took place."

Without pursuing this subject further, we are of the opinion that the plaintiff in error was deprived of his constitutional rights in the respects hereinbefore indicated; that the admission of the statements made by the said insane patients to the witness, Dr Gavin, was prejudicial error; that said verdict is manifestly against the weight of the evidence, and that said judgment of conviction and sentence is contrary to law.

The judgment of the court of common pleas will therefore be reversed, and said cause will be remanded to said court for such further proceedings as may be deemed proper.

POWELL, J., and HOUCK, J., concur.